OPINION
{¶ 1} Defendant-appellant Melissa Myers appeals from her conviction in the Fayette County Court of Common Pleas for one count of complicity to felonious assault with a firearm specification. For the reasons outlined below, we affirm the conviction.
 {¶ 2} In the early morning hours of October 3, 2003 appellant and the three passengers in her vehicle pursued another vehicle through the streets of Washington Court House, Ohio. The passengers in appellant's vehicle included Hillary Dillon, Charlotte Tressler, *Page 2 
and Deanna Robinson. In an attempt to confront the father of Dillon's son, Phillip Davis, appellant began to follow Davis' vehicle. The vehicle they were pursuing was actually being driven by Davis' aunt, Chatney White, and contained two passengers, Davis' mother, Talissa Davis, and White's five month old daughter.
 {¶ 3} After approximately eight blocks, both cars pulled over and the occupants began to exit their vehicles. At this point, Robinson asked appellant for a gun. Appellant handed Robinson a gun and Robinson shot at White's vehicle two times. The occupants then got back into their vehicles and left the scene. White immediately drove her vehicle to the Fayette County Sheriff's Department and reported the incident. Officers later discovered a bullet hole in the driver's side taillight of White's car. Officers also discovered a path through the trunk and back seat of the vehicle where the bullet had traveled before hitting the dashboard and windshield. Mapping the path of the bullet, officers determined that the bullet traveled at a relatively level path through the vehicle, traveling at a slightly left to right angle. No bullet was recovered from the vehicle.
 {¶ 4} Based on the statements provided by White and Talissa Davis, officers located appellant's vehicle and seized it pending execution of a search warrant. Later investigation of the vehicle yielded a .38 caliber revolver, found in the trunk still loaded, cocked, and wrapped inside a t-shirt. Officers also located a knife tucked between the front seats. A spent .38 bullet recovered from the scene was too badly damaged to be conclusively linked to the revolver recovered from appellant's vehicle. Officers also obtained statements from appellant, Dillon, Robinson, and Tressler. Dillon's statement identified Robinson as the shooter.
 {¶ 5} Both appellant and Robinson were indicted for their involvement in the shooting. Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2), with a specification under R.C. 2941.145 that a firearm was used in the commission of the *Page 3 
offense, a felony of the second degree.[1] The state later amended the indictment to complicity to felonious assault with the firearm specification. The case proceeded to a jury trial on October 17, 2005. At trial, the state presented the testimony of Dillon, White, Talissa Davis, and the investigating officers, establishing the facts as described above.
 {¶ 6} The jury found appellant guilty of both complicity to felonious assault and the firearm specification. Appellant was sentenced on December 6, 2005. The court sentenced appellant to three years imprisonment for the offense of felonious assault, with a mandatory term of three years imprisonment on the firearm specification. The court ordered that the sentences run consecutively for an aggregate prison term of six years. Appellant then filed this timely appeal, raising three assignments of error for our review.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT ERRONEOUSLY ADMITTED UNFAIRLY PREJUDICIAL EVIDENCE * * * THESE NUMEROUS EVIDENTIARY ERRORS CONSTITUTED PLAIN ERROR, AND DEPRIVED [APPELLANT] OF HER RIGHT TO A FAIR TRIAL. * * *"
 {¶ 9} Appellant contends that the trial court improperly admitted numerous items of evidence which were unfairly prejudicial. Specifically, appellant argues that a knife recovered from her car during execution of the search warrant and portions of the investigating officer's testimony were irrelevant and unfairly prejudicial, amounting to plain error.
 {¶ 10} Generally, the decision to admit or exclude relevant evidence lies within the sound discretion of the trial court. State v.Rivera-Carillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. However, because these evidentiary issues were not objected to during *Page 4 
trial, we review them for plain error only. Id. Plain error does not exist unless, but for some "obvious" error committed by the trial court, the outcome of the trial would have been different. State v.Johnson, 112 Ohio St.3d 210, 2006-Ohio-6404. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, ¶ 50, quoting State v.Long (1978), 53 Ohio St.2d 91.
 {¶ 11} Appellant argues that the court's acceptance of certain evidence during her trial amounts to plain error. Specifically, appellant first contends that the court improperly allowed testimony from Officer Lowe regarding the knife found in appellant's car during the search pursuant to the warrant. Appellant argues that this was irrelevant, prejudicial evidence amounting to reversible error.
 {¶ 12} However, a review of the record reveals that Officer Lowe merely included the knife in the list of items that he testified to as having been discovered in the search of appellant's vehicle. There was no attempt by the state to use the discovery of the knife as evidence of the instant offense. In fact, the knife was not described or mentioned again throughout the remainder of the trial. Appellant has wholly failed to establish how the brief mention of it during Officer Lowe's testimony prejudicially affected the outcome of the case. Absent a showing of prejudice, there is no plain error.
 {¶ 13} Appellant next argues that the court improperly permitted Officer Lowe to imply that appellant had a prior criminal record. During trial, Officer Lowe testified that fingerprints were recovered from appellant's vehicle and submitted for comparison. In describing how officers in this case collected fingerprints from appellant's vehicle, Officer Lowe testified that "if there is a known suspect we either submit finger print cards of that person or if there is a known suspect that has been incarcerated, or if their fingerprints are on file with BCI, we can just refer to a case or a person's number * * * In this case, I believe there were ink cards that *Page 5 
were sent, as well as the prints for comparison." Appellant contends that Officer Lowe's statements amounted to inadmissible "other acts" evidence, prohibited by Evid.R. 404(B).[2]
 {¶ 14} However, it is clear that Officer Lowe did not refer to a criminal record or even mention any prior contacts with law enforcement. Further, appellant's argument regarding the implication drawn by the existence of appellant's prints is speculative and insufficient for a showing of prejudice. See State v. Moore, Franklin App. No. 03AP-145,2003-Ohio-5342. In Moore, the court explained that the challenged evidence must amount to more than merely a reference to "a brush with the law; rather, the disputed evidence must make a reference to the commission of another crime." Id. at ¶ 12. The court went on to reject Moore's claim of prejudice where the state had used seven fingerprint cards to demonstrate Moore's signature. Moore argued that the cards implied that he had been arrested and fingerprinted seven times, but the court found that the implication alone was insufficient to establish prejudice. Id., see, also, State v. Lee, Franklin App. No. 01AP-16, 2001-Ohio-8887 (rejecting claim of prejudice where witness referred to appellant's "release").
 {¶ 15} In this case it is clear that Officer Lowe did not make any clear reference to appellant's prior criminal record. Therefore, his statement did not amount to improper "other acts" evidence and the court did not err in allowing it. Further, appellant's argument that Officer Lowe's testimony amounts to an implication of her prior offenses is insufficient for a showing of prejudice. Absent error and prejudice, there is no plain error.
 {¶ 16} Appellant further contends that the court improperly permitted Officer Lowe to testify regarding the path of the bullet and its proximity to White's five-month-old daughter. During his testimony Officer Lowe described the path that the bullet had carved in White's *Page 6 
vehicle as it entered the taillight and then traveled through the trunk and backseat before hitting the dashboard and windshield. Officer Lowe testified that the bullet had traveled at a relatively level path, at a slightly left to right angle. In doing so, the bullet entered the backseat of the vehicle within an inch of the child's car seat and continued traveling directly between White and Talissa Davis, coming within inches of them as well. Appellant argues that this evidence was irrelevant and prejudicial.
 {¶ 17} However, Officer Lowe's testimony regarding the trajectory of the bullet was relevant to the angle of the shooting and was evidence of where the bullet had been fired from. Such evidence is certainly relevant to establishing the elements of felonious assault and appellant's complicity in the knowing attempt to cause physical harm by means of a dangerous ordnance. See R.C. 2903.11(A)(2). Because we find Officer Lowe's testimony was clearly relevant and admissible, there was no error in its admission and plain error is not applicable.
 {¶ 18} Finally, appellant argues that Officer Lowe testified to inadmissible hearsay evidence. In describing the bullet's trajectory, Officer Lowe testified that White was the driver of her vehicle, with a child in the car seat in the back. Appellant argues that Officer Lowe was not qualified to testify to these details as he did not have personal knowledge of the location of the car seat. Appellant contends this testimony amounts to inadmissible hearsay which prejudicially affected the outcome of the trial. See Evid.R. 801, 802.
 {¶ 19} However, we note that Officer Lowe's testimony as to the location of the child in the car seat was not offered for the truth of the matter asserted and was instead offered as a reference in his description of the bullet's trajectory. Further, the location of the occupants of White's vehicle had already been testified to by previous witnesses and appellant has wholly failed to demonstrate how Officer Lowe's testimony prejudicially affected the outcome of the trial. We again find no error in the admission of Officer Lowe's testimony, much less plain *Page 7 
error.
 {¶ 20} Because we find that appellant has failed to establish any "obvious error" or show how the challenged evidence prejudiced the outcome of the trial, either separately or collectively, she has failed to establish plain error. Accordingly, appellant's first assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE PROSECUTOR MADE NUMEROUS IMPROPER COMMENTS DURING CLOSING ARGUMENT, WHICH CONSTITUTED PLAIN ERROR, AND DEPRIVED [APPELLANT] OF HER RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION; CRIM.R. 52(B)."
 {¶ 23} Appellant contends that the prosecutor made improper and prejudicial statements during closing arguments, warranting a reversal of appellant's conviction. Again, because appellant's trial counsel failed to object to the prosecutor's statements or request any kind of curative action at trial, we review this assignment for plain error only.
 {¶ 24} "When reviewing allegations of prosecutorial misconduct, appellate courts must consider that `the touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v.Rogers, Fayette App. No. CA2004-06-014, 2005-Ohio-6693, ¶ 30, quotingState v. Hill, 75 Ohio St.3d 195, 203, 1996-Ohio-222; Smith v.Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940. Therefore, prosecutorial misconduct will not be grounds for reversal unless the defendant has been denied a fair trial. Id., citing State v. Maurer
(1984), 15 Ohio St.3d 239, 266. In order to reverse a conviction based on prosecutorial misconduct, the defendant must prove both that the comments were improper and that they prejudicially affected the defendant's substantial rights. Id., citing State v. Smith (1984),14 Ohio St.3d 13, 14. *Page 8 
 {¶ 25} Further, a prosecutor is afforded wide latitude in closing arguments and an argument must be reviewed in its entirety to determine whether the challenged remarks were prejudicial. State v. Baker, Butler App. No. CA2003-01-016, 2003-Ohio-5986. The state is permitted, during closing, to comment on the failure of the defense to present evidence in support of its case. State v. McKnight, 107 Ohio St.3d 101,2005-Ohio-6046, ¶ 293. "Such comments do not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain silent." Id., quoting State v. Collins, 89 Ohio St.3d 524,2000-Ohio-231. In McKnight, the Ohio Supreme Court rejected a challenge to the prosecutor's closing statement in which he asked the jury, "[w]hy didn't [the defense] present any witnesses?"
 {¶ 26} In this case, appellant refers to a number of statements made by the state in closing argument which she argues were prejudicial. First, appellant refers to the prosecutor's remark during its rebuttal closing argument that "I have heard zero testimony that said that [appellant] didn't have the gun," arguing that this statement is an improper reference to her decision not to testify. The state went on to point out testimony which supported the state's theory that appellant did give the gun to Robinson. It is apparent from the record that appellant's defense during trial was that she did not have the gun which Robinson used to shoot at White's vehicle. During his own closing argument, appellant's trial counsel argued to that effect. The state's response in rebuttal was merely a comment on the defense's failure to present or extract evidence in support of that argument. We find no error in the state's comment, and therefore no plain error.
 {¶ 27} Next, appellant argues that the prosecutor improperly appealed to the emotions of the jury in his closing arguments. Appellant contends that the prosecutor's statements that the bullet "barely miss[ed]" the child's car seat was improper and overly prejudicial. She further argues that the state improperly implied that appellant had presented inconsistent *Page 9 
theories of innocence, against the jury's own common sense. As outlined above, the details of the bullet's trajectory are relevant facts of the case. We find these comments were not improper and therefore not plain error.
 {¶ 28} Appellant further contends that the state misstated the law during closing argument, by implying that the mere fact that appellant was driving the vehicle was sufficient to establish her complicity to the felonious assault. During closing argument, the state made the argument that appellant's act in driving the vehicle which chased the victim's vehicle and from which Robinson shot at the victim's vehicle would be sufficient for proving the elements of complicity to felonious assault. It is clear from the record that the state was not misstating the law with regard to felonious assault as the act of driving a vehicle with knowledge of the fact that another occupant was going to commit a felonious assault would satisfy the offense of complicity. Further, appellant has failed to demonstrate that the prosecutor's statements, while arguably confusing, had any prejudicial affect on the outcome of the trial. It is clear that the jury was instructed as to the elements of felonious assault and that statements during opening and closing arguments were not evidence. We must presume that the jury followed the trial court's instructions. See State v. Manns, Clark App. No. 2005 CA 131, 2006-Ohio-5802. There is no plain error.
 {¶ 29} Finally, appellant argues that the prosecutor argued facts not reflected in the testimony at trial. Appellant refers to the prosecutor's statements, during closing arguments, that the gun could have been wiped clean of fingerprints and that appellant was attempting to confront and fight the occupants in the victim's vehicle. However, these statements fall within the latitude granted a prosecutor in drawing inferences from the evidence during a closing argument. SeeMcKnight, 107 Ohio St.3d 101, 2005-Ohio-6046. We find no error in the inferences, much less plain error. Because we find no plain error in any of the statements challenged by appellant, the second assignment of error is overruled. *Page 10 
 {¶ 30} Assignment of Error No. 3:
 {¶ 31} "[APPELLANT] WAS DEPRIVED OF HER RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN CONTRAVENTION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION, BASED ON TRIAL COUNSEL'S NUMEROUS SERIOUS AND PREJUDICIAL ERRORS."
 {¶ 32} In her third and final assignment of error, appellant argues that her trial counsel made a series of prejudicial errors, requiring a reversal of her conviction. Appellant contends that her attorney failed to object to improper evidence admitted at trial and to the improper statements of the prosecuting attorney. Appellant argues these errors deprived her of the effective assistance of counsel and prejudiced the outcome of the trial. We disagree.
 {¶ 33} In order to successfully establish a claim of ineffective assistance of counsel, an appellant must satisfy both prongs of the two-part showing required in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. First, an appellant must show that his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial. State v. Cox, Butler App. No. CA2005-12-513,2006-Ohio-6075, ¶ 29, citing Strickland. In order to establish the first prong, an appellant must show that his counsel's representation "fell below an objective standard of reasonableness." Strickland at 688. However, attorneys are given a "heavy measure of deference" in their decision making and there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to establish the second prong, an appellant must show "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Id. at 694. Failure to make an adequate showing on either the "performance" or "prejudice" prongs of the Strickland standard is fatal to an appellant's claim. Id. at 697. *Page 11 
 {¶ 34} In this case, appellant argues that her trial counsel's performance fell below the standard of reasonableness due to her failure to object to the evidence challenged under her first and second assignments of error. However, "failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel."State v. Johnson, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 139. InJohnson, the Ohio Supreme Court recognized that any single instance of a failure to object "usually cannot be said to have been error unless the evidence sought is so prejudicial * * * that failure to object essentially defaults the case to the state. Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." Id. at ¶ 140, quoting Lundgren v. Mitchell (C.A.6, 2006), 440 F.3d 754, 774.
 {¶ 35} It is clear from our analysis above that appellant's trial counsel committed no such failure in this case. As described above, we found no error in the court's acceptance of the evidence and statements challenged by appellant. Therefore, it legally follows that the failure to object to those same items is insufficient to satisfy a claim of ineffective assistance of counsel. See State v. Sprauer, Warren App. No. CA2005-02-022, 2006-Ohio-1146, ¶ 27, ¶ 30. Because we find that no plain error occurred in the admission of the evidence challenged by appellant or the statements made by the prosecutor in closing, appellant cannot establish prejudice due to her trial counsel's failure to object to the same. Accordingly, appellant has failed to establish her claim of ineffective assistance of counsel and her third assignment of error is overruled.
 {¶ 36} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] Robinson was indicted on felonious assault, also with a firearm specification. The trials were held separately. This court recently affirmed Robinson's conviction in State v. Robinson, Fayette App. No.CA2005-11-029, 2007-Ohio-354.
[2] Evid.R. 404(B) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Page 1