[Cite as *State v. Piesciuk*, 2013-Ohio-3879.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-01-011 |
| | : | O P I N I O N |
| - vs - | | 9/9/2013 |
| | : | |
| JOSEPH PIESCIUK, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2003-03-0387


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Joseph Piesciuk, #A466-025, Grafton Correctional Institution, 2500 South Avon Beldon Road, Grafton, Ohio 44044, defendant-appellant, pro se


**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, Joseph Piesciuk, pro se, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.  For the reasons discussed below, we affirm the judgment of the trial court.

## I. FACTS

{¶ 2}  In March 2003, the Butler County Grand Jury returned a 34-count indictment

against appellant stemming from his role as the president of Original Home Improvement Center ("OHIC"), a remodeling company located in Middletown, Ohio. The indictment charged that, from April 1, 2000 to November 1, 2000, appellant used his company to take money from multiple homeowners by securing numerous remodeling projects and then failing to commence the project or perform the services as promised. Appellant left projects incomplete and did not refund any of his customers' monies. The indictment further alleged that appellant failed to pay subcontractors who performed work on certain construction projects during the same time period. Following a jury trial in December of 2003, appellant was convicted of 13 counts of theft by deception, eight counts of money laundering, and one count of engaging in a pattern of corrupt activity. Appellant was sentenced to serve 21 years in prison and ordered to pay restitution.

{¶ 3} Appellant directly appealed his conviction, and this court affirmed his conviction and sentence but reversed and remanded a portion of the trial court's restitution order that was not supported by sufficient evidence. *State v. Piesciuk*, 12th Dist. Butler No. CA2004-03-055, 2005-Ohio-5767 (the "direct appeal"). Thereafter, the Ohio Supreme Court reversed appellant's sentence and remanded the matter to the trial court for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109.

{¶ 4} Appellant was resentenced in March 2007 to a 21-year prison term and was again ordered to pay restitution. Appellant appealed, and this court affirmed appellant's resentencing but modified the restitution order to correct a mathematical error. *State v. Piesciuk*, 12th Dist. Butler No. CA2007-04-086, 2008-Ohio-4054. Appellant appealed his resentencing to the Ohio Supreme Court but the court declined review. *State v. Piesciuk*, 120 Ohio St.3d 1458, 2008-Ohio-6813.

{¶ 5} In March 2005, while appellant's direct appeal was pending before this court,

appellant filed a postconviction relief petition with the trial court, arguing that his conviction and sentence violated a number of his constitutional rights. On April 1, 2005, the trial court denied appellant's petition without holding an evidentiary hearing. The trial court did not issue findings of fact or conclusions of law at this time. In an original action in mandamus, this court ordered the trial court to file findings of fact and conclusions of law. *State ex rel. Piesciuk v. Hon. Andrew Nastoff*, 12th Dist. Butler No. CA2011-07-137 (May 25, 2012) (judgment entry).

{¶ 6} On January 7, 2013, the trial court issued its findings of facts and conclusions of law for the denial of the March 2005 petition for postconviction relief. Appellant now appeals from the denial of his petition, setting forth 10 assignments of error. Within his assignments of error, appellant asserts that his trial counsel was ineffective, that he was prejudiced by his counsel's ineffectiveness, and that he provided sufficient evidence and information demonstrating his trial counsel's ineffectiveness to warrant an evidentiary hearing prior to the court's decision on his petition for postconviction relief.

## II. ANALYSIS

### A. Standard of Review

{¶ 7} Pursuant to R.C. 2953.21, a defendant may collaterally attack his conviction based upon an infringement or deprivation of his constitutional right. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. For this court to find an abuse of discretion we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.* Furthermore, a reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence.

*Wagers* at ¶ 15.

## B. Ineffective Assistance of Counsel Claims

{¶ 8}   In his ten assignments of error, appellant sets forth a multitude of claims under which he believes his trial counsel was ineffective.  Prior to addressing each claim, we first note that "[w]hen determining whether a defendant's Sixth Amendment right to effective assistance of counsel has been violated, 'a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy.'"  *Vore* at ¶ 13, quoting *Strickland v. Washington*, 466 U.S. 688, 689, 104 S.Ct. 2052 (1984).

{¶ 9}   To prevail on an ineffective assistance of counsel claim, an appellant must establish that his trial counsel's performance was deficient and that such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial.  *Vore* at ¶ 13, citing *State v. Myers*, 12th Dist. Fayette No. CA2005-12-035, 2007-Ohio-915, ¶ 33.  Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness."  *Id.*, quoting *Strickland* at 688.  To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*, quoting *Strickland* at 694.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT[S] [TO] THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BY THE STATE'S SUPPRESSION AND/OR ALTERATION, OF EXCULPATORY EVIDENCE.

{¶ 12} In his first assignment of error, appellant contends trial counsel was ineffective

- 4 -

for failing to investigate and find exculpatory evidence of payments he secured for the benefit of OHIC after he sold his majority interest in OHIC to Steve Lajoye in late 2000. Specifically, appellant contends his attorney would have found that appellant obtained $8,000 from OHIC customer Bruce Huddleston, which appellant believes "would have shown that [he] provided sufficient capital to operate OHIC and for Lajoye to begin fulfilling contracts [sic] obligations."

{¶ 13} Appellant did not raise this issue in his 2005 petition for postconviction relief. We, therefore, cannot consider this issue for the first time on appeal. *See State v. Miley*, 77 Ohio App.3d 786, 789 (12th Dist.1991) ("an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court").

{¶ 14} Accordingly, appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT[S] [TO] THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BY THE STATE'S SUPPRESSION AND/OR ALTERATION, OF EXCULPATORY EVIDENCE.[1]

{¶ 17} In his second assignment of error, appellant asserts trial counsel was ineffective for failing to discredit the state's trial Exhibit No. 52, a yellow pages advertisement for OHIC publicizing the company's decades of experience in home remodeling. At trial, the state introduced the advertisement into evidence as proof that appellant, who purchased

---

1. We note that while appellant has captioned his first and second assignments of error with identical language, the arguments contained within the two assignments of error are separate and distinct. Accordingly, we address each assignment of error in turn.

OHIC in 2000 with little experience in the field, placed the ad to entice and deceive customers into contracting with OHIC. Appellant claims the advertisement was placed by OHIC's previous owner, that the advertisement was altered by the prosecution, and that he had informed his trial counsel "sufficiently in advance of trial" that he had not placed the ad, but his counsel did not investigate these issues.

{¶ 18} We find that appellant's claim is barred by the doctrine of res judicata, which states that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment." *Wagers*, 2012-Ohio-2258 at ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. "Res judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *Id.* at ¶ 11, citing *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record *that was not in existence and available to the petitioner in time to support the direct appeal.*" (Emphasis added.) *Id.* at ¶ 12, citing *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). Evidence outside the record, or evidence dehors the record, must demonstrate that appellant could not have appealed the constitutional claim based upon information in the original record and such evidence must not have been in existence and available to the petitioner at the time of trial. *Id.*

{¶ 19} Appellant's petition for postconviction relief clearly states that he knew "sufficiently in advance of trial" about the yellow pages advertisement and that his trial

counsel had not sufficiently investigated the authenticity of the advertisement. Any claim that his trial counsel was ineffective for failing to investigate the advertisement could have, and should have, been raised on direct appeal.

{¶ 20} Appellant's second assignment of error is, therefore, overruled.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO OBTAIN "OHIC" RECORDS, FROM THE MIDDLETOWN POLICE DEPARTMENT THAT HAD BEEN STOLEN FROM THE "OHIC" IN A BREAK IN [SIC] THAT OCCURRED ON SEPTEMBER 5, 2000.

{¶ 23} In his third assignment of error, appellant claims trial counsel was ineffective for failing to obtain records from the Middletown Police Department that were stolen from appellant's business in a September 2000 break-in. Appellant claims that had his trial counsel located the records and presented them at trial, the state would not have proved that appellant intended to deceive OHIC's customers.

{¶ 24} We find that appellant's claim is barred by the doctrine of res judicata as appellant could have raised this issue on direct appeal. *See Wagers*, 2012-Ohio-2258 at ¶ 10. We further note that appellant failed to attach any of the business records to his petition for postconviction relief. Accordingly, the role that such records would have played in the outcome of appellant's trial is nothing but mere speculation. "Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *State v. English*, 9th Dist. Lorain No. CA 99CA007408, 2000 WL 254912, *4 (Mar. 8, 2000).

{¶ 25} Appellant's third assignment of error is overruled.

{¶ 26} Assignment of Error No. 4:

{¶ 27} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO OBTAIN "OHIC" RECORDS FROM THE LAW FIRM PRATT, SINGER & THOMAS.

{¶ 28} In his fourth assignment of error, appellant asserts trial counsel was ineffective for failing to present a letter from attorney Andrew Singer advising appellant on the capitalization of OHIC. Appellant failed to attached a copy of the letter to his petition for postconviction relief, but nonetheless contends that the letter would have countered the state's theory that appellant undercapitalized the business in an attempt to deceive.

{¶ 29} Again, we find that appellant's claim is barred by the doctrine of res judicata as appellant could have raised this issue on direct appeal. *See Wagers* at ¶ 10. Additionally, as appellant did not attach a copy of the letter to his petition for postconviction relief, the trial court did not abuse its discretion in determining that appellant was not prejudiced by his trial counsel's choice not to enter the letter into evidence. As stated above, "[c]onjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *English* at *4.

{¶ 30} Accordingly, appellant's fourth assignment of error is overruled.

{¶ 31} Assignment of Error No. 5:

{¶ 32} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND/OR CALL WITNESSES TO THE STAND WHO HAD EXCULPATORY EVIDENCE.

{¶ 33} In his fifth assignment of error, appellant asserts trial counsel was ineffective for failing to call Jonathan Fox and other unnamed "exculpatory witnesses" at trial. Appellant

claims that Fox would have testified that OHIC was sufficiently capitalized and the other unnamed "exculpatory witnesses" would have affirmatively established appellant had every intention of completing his obligations to OHIC's customers.

{¶ 34} Other than Fox, appellant did not identify the names of the witnesses he believes his counsel should have called at trial. Further, appellant did not attach affidavits from any witnesses detailing what their testimony would have been had they been called as witnesses at trial. We agree with the trial court that, absent information concerning the substance of their testimony, any benefit such testimony would have had on appellant's case is unknown. It would be pure speculation to conclude that the results of appellant's trial would have been different had the unnamed individuals testified. Appellant has, therefore, failed to demonstrate how he was prejudiced by his trial counsel's actions.

{¶ 35} Accordingly, appellant's fifth assignment of error is overruled.

{¶ 36} Assignment of Error No. 6:

{¶ 37} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE THE AMOUNT OF FUNDS PAID BY APPELLANT'S INSURANCE CARRIER TO HOMEOWNERS.

{¶ 38} In his sixth assignment of error, appellant claims trial counsel was ineffective for failing to present insurance documents to show that one customer, Judith Bierly, received $18,872.33 from an insurance policy held by OHIC, which appellant contends ultimately resulted in him being ordered to pay an inflated restitution amount. He also argues his counsel should have presented evidence at trial that OHIC carried an insurance policy as a way of demonstrating that appellant had no intention of harming his customers.

{¶ 39} We note that this court previously modified the amount of the restitution award

to Bierly on appeal from appellant's resentencing. *Piesciuk*, 2008-Ohio-4054. This issue is, therefore, moot.

{¶ 40} With respect to counsel's failure to present evidence that OHIC carried an insurance policy, we note that the trial court judge barred any reference to any insurance payment received by Bierly. Any issue with the trial court's evidentiary ruling could have, and should have, been raised on direct appeal. *See Wagers* at ¶ 10. Accordingly, we find that appellant's claim is barred by res judicata.

{¶ 41} Appellant's six assignment of error is overruled.

{¶ 42} Assignment of Error No. 7:

{¶ 43} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO MOVE THE COURT FOR A CHANGE OF VENUE.

{¶ 44} In his seventh assignment of error, appellant asserts trial counsel was ineffective for failing to move for a change of venue on the ground of prejudicial pretrial publicity.

{¶ 45} We find that appellant's claim is barred by the doctrine of res judicata as appellant could have raised the issue of change of venue on direct appeal. *See Wagers* at ¶ 10. Furthermore, appellant has failed to attach any evidence to his petition for postconviction relief demonstrating that pretrial publicity prevented him from obtaining a fair and impartial jury in Butler County. It would be pure speculation to conclude that the results of appellant's trial would have been different had appellant's trial counsel sought a change in venue or had the case been tried in a different county.

{¶ 46} Appellant's seventh assignment of error is, therefore, overruled.

{¶ 47} Assignment of Error No. 8:

{¶ 48} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO SUBMIT TO THE COURT EXCULPATORY EVIDENCE.

{¶ 49} In his eighth assignment of error, appellant argues trial counsel was ineffective for failing to present an October 7, 2000 letter from Mary Miller, a homeowner who entered into a contract with OHIC. Appellant contends this letter would have demonstrated that it was Miller, and not appellant, who prevented the project from being completed.

{¶ 50} We find that appellant's claim is barred by the doctrine of res judicata as appellant could have raised the issue on direct appeal. *See Wagers* at ¶ 10. Furthermore, decisions about what evidence to present at trial are committed to counsel's professional judgment and a strong presumption exists that licensed attorneys are competent and that the challenged action is the product of sound trial strategy falling within the wide range of reasonable professional assistance. *See State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 127; *State v. Bradley* 42 Ohio St.3d 136, 142 (1990). Finally, as appellant did not attach a copy of the October 7, 2000 letter to his petition for postconviction relief, we find that the trial court did not abuse its discretion in determining that appellant was not prejudiced by his trial counsel's choice not to enter the letter into evidence. Absent information on what the letter actually stated, it would be pure speculation to conclude that the letter would have affected the outcome of appellant's trial. Conjecture and speculation do not establish a substantive ground entitling a defendant to postconviction relief. *English*, 2000 WL 254912 at *4.

{¶ 51} Appellant's eighth assignment of error is, therefore, overruled.

{¶ 52} Assignment of Error No. 9:

{¶ 53} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO SUBMIT TO THE COURT EXCULPATORY EVIDENCE.[2]

{¶ 54} In his ninth assignment of error, appellant argues trial counsel was ineffective for failing to present documents in the possession of the accounting firm Clark, Schaeffer & Hackett. Appellant contends the documents would have rebutted testimony from former OHIC employee Amy Parker that OHIC suffered from poor bookkeeping. Appellant did not attach any of these documents to his petition for postconviction relief.

{¶ 55} Appellant's claim is barred by the doctrine of res judicata as appellant could have raised the issue on direct appeal. *See Wagers* at ¶ 10. Furthermore, as appellant did not attach a copy of the records kept by Clark, Schaeffer & Hackett to his petition for postconviction relief, we find that the trial court did not abuse its discretion in determining that appellant was not prejudiced by his trial counsel's decision not to enter the records into evidence. Without knowing the content of such records, it would be pure speculation to conclude that the records would have affected the outcome of appellant's trial.

{¶ 56} Accordingly, appellant's ninth assignment of error is overruled.

{¶ 57} Assignment of Error No. 10:

{¶ 58} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO PROPERLY INVESTIGATE AND/OR INTERVIEW STATE AND DEFENSE WITNESSES IN ORDER TO

---

2. We note that appellant has used identical language to caption his eighth and ninth assignments of error. As the arguments contained within the two assignments of error are separate and distinct, we shall address each assignment of error in turn.

ADEQUATELY PREPARE A DEFENSE AND PREPARE FOR TRIAL.

{¶ 59} In his tenth assignment of error, appellant asserts trial counsel was ineffective for failing to investigate or interview material witnesses in preparing his defense. Specifically, appellant contends that counsel failed to interview witnesses named in his supplemental discovery responses filed on December 8, 2003 and December 15, 2003. Appellant contends that without the testimony of such witnesses, his trial counsel could only provide a "skeletal" defense at trial.

{¶ 60} Similar to his fifth assignment of error, appellant did not attach any affidavits stating what each witness would have testified to at trial. We agree with the trial court that absent information concerning the substance of each witness' testimony, any benefit such testimony would have had on appellant's case is unknown. It would be pure speculation to conclude that the results of appellant's trial would have been different had the witnesses testified. Appellant, therefore, fails to demonstrate how he was prejudiced by his trial counsel's actions.

{¶ 61} Appellant's tenth assignment of error is, therefore, overruled.

## C. Evidentiary Hearing on Postconviction Relief Petition

{¶ 62} Within his assignments of error, appellant also contends the trial court abused its discretion by not holding an evidentiary hearing prior to ruling on his petition for postconviction relief. We find no merit to this argument.

{¶ 63} "An evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief." *Vore*, 2013-Ohio-1490 at ¶ 11. Rather, to be entitled to a hearing, "the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *State v. Watson*, 126 Ohio App.3d 316, 324 (12th Dist.1998). *See also* R.C. 2953.21(C). "The burden is on the petitioner to show that the claimed errors

- 13 -

resulted in prejudice before a hearing on a postconviction relief petition is warranted." *Vore* at ¶ 11, citing *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 164.

{¶ 64} After reviewing the trial court's 19-page opinion, it is apparent that the trial court was thorough in its analysis and did not abuse its discretion in overruling appellant's postconviction petition without a hearing. The trial court did not find substantive facts supporting a claim for postconviction relief on constitutional grounds. For the reasons discussed above, we find that the record supports the trial court's conclusions. *See Widmer* at ¶ 166; *Watson* at 325. Thus, we overrule appellant's argument that the trial court abused its discretion by denying his postconviction relief petition without holding an evidentiary hearing.

### III. CONCLUSION

{¶ 65} After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in denying appellant's postconviction relief petition or in doing so without first holding an evidentiary hearing.

{¶ 66} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.