[Cite as *State v. Sturgill*, 2014-Ohio-5082.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2014-01-003 |
| Plaintiff-Appellee, | : | CA2014-07-049 |
| | : | O P I N I O N |
| - vs - | | 11/17/2014 |
| | : | |
| ISOME E. STURGILL, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CR839


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Arenstein & Gallagher, Hal R. Arenstein, The Last Citadel, 114 East Eighth Street, Cincinnati, Ohio 45202, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Petitioner-appellant, Isome E. Sturgill, Jr., appeals from the decisions of the Clermont County Court of Common Pleas denying his original and supplemental petitions for postconviction relief. For the reasons outlined below, we affirm.

{¶ 2} On December 18, 2012, the trial court sentenced Sturgill to a total aggregate 13-year prison term after a jury found him guilty of various offenses resulting from his illegal operation of a motor vehicle while intoxicated. Sturgill then appealed. As part of his appeal,

and as relevant here, Sturgill argued his trial counsel's failure to offer a stipulation to his five prior OVI convictions was ineffective. This court disagreed and affirmed Sturgill's convictions and sentence on appeal in *State v. Sturgill*, 12th Dist. Clermont Nos. CA2013-01-002 and CA2013-01-003, 2013-Ohio-4648.

{¶ 3} On September 6, 2013, while his appeal was still pending, Sturgill filed a petition for postconviction relief with the trial court. In support of this petition, Sturgill argued the "[f]ailure of his counsel to impeach one of the state's prime witnesses with a prior written statement that significantly reduced the number of drinks he consumed was ineffective." The trial court denied Sturgill's petition in an entry filed November 27, 2013. Sturgill again appealed.

{¶ 4} On March 27, 2014, the same day he filed his appellate brief, Sturgill also filed a motion with this court requesting the matter be remanded to the trial court so that the trial court could rule on his supplemental postconviction relief petition he filed with the trial court on October 15, 2013. This supplemental petition alleged Sturgill received ineffective assistance of trial counsel resulting from his trial counsel's failure to "retain a toxicologist to disabuse the jury of the [n]otion that [he] was legally under the influence[.]" This court granted Sturgill's motion to remand the matter to the trial court on May 20, 2014. The trial court subsequently denied Sturgill's supplemental petition for postconviction relief petition in an entry filed June 9, 2014.

{¶ 5} Sturgill now appeals from the trial court's November 27, 2013 and June 9, 2014 decisions denying his original and supplemental petitions for postconviction relief, raising two assignments of error for review. For ease of discussion, Sturgill's two assignments of error will be addressed together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} PETITIONER'S RIGHT TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF

COUNSEL AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO WAS VIOLATED BY THE CUMULATIVE FAILURES OF DEFENSE COUNSEL DURING TRIAL.

{¶ 8} Assignment of Error No. 2:

{¶ 9} TRIAL COUNSEL'S FAILURE TO RETAIN AN EXPERT IN TOXICOLOGY DENIED PETITIONER THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 10} In his two assignments of error, Sturgill argues the trial court erred by denying his original and supplemental petitions for postconviction relief. We disagree and find his claims are barred by the doctrine of res judicata.

{¶ 11} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 12} "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30; *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 21. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10, quoting *State v. Franklin*, 12th Dist. Butler No. CA2002-07-183, 2003-Ohio-1770, ¶ 11.

{¶ 13} "Res judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 14, quoting *Wagers*, 2012-Ohio-2258 at ¶ 10. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18.

{¶ 14} As noted above, Sturgill filed a direct appeal from his convictions and 13-year prison sentence. As part of his appeal, and as relevant here, Sturgill argued his trial counsel was ineffective for failing to offer a stipulation to his five prior OVI convictions. This court rejected that claim finding "the state would have been under no obligation to accept an offer to stipulate to such convictions, had one been made by [Sturgill's] trial counsel." *Sturgill*, 2013-Ohio-4648 at ¶ 20.

{¶ 15} Sturgill now claims he received ineffective assistance due to his trial counsel's failure to impeach one of the state's witnesses, Samantha Fite, with her prior written statement regarding the amount of alcohol Sturgill consumed that evening. Sturgill also argues his trial counsel was ineffective for not presenting the testimony of a toxicologist regarding Sturgill's blood alcohol content that evening.

{¶ 16} As the record reveals, Sturgill's claims arise from his trial counsel's alleged

- 4 -

ineffective representation of him during trial. Sturgill should have been well aware of these potential issues prior to him ever filing his direct appeal with this court. Therefore, any additional claim that his trial counsel provided him with ineffective assistance of counsel at trial could have, and should have, been raised as part of that appeal. *See, e.g., State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 18 (finding appellant's claim raised as part of his petition for postconviction relief that his trial counsel was ineffective for failing to "adequately consult" him regarding the state's plea deal was barred by the doctrine of res judicata where he had previously appealed specifically raising an ineffective assistance of counsel claim); *Mathes*, 2013-Ohio-4128 at ¶ 13-16 (finding appellant's claims raised as part of his petition for postconviction relief that his trial counsel was ineffective for failing to discover and use an incident report to impeach a witness was barred by the doctrine of res judicata where he had previously filed a direct appeal). Accordingly, as the doctrine of res judicata effectively bars Sturgill's claims, Sturgill's two assignments of error are overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.