**Duncan A. HALEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–6299.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.*

### ORDER

This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Duncan A. Haley of several counts of conspiracy, mail fraud, wire fraud, and money laundering. The district court sentenced Haley to seventy-eight months on each count to run concurrently and a three year term of supervised release. This court affirmed Haley's conviction as to all counts and affirmed the sentence as to the money laundering counts, but remanded for re-sentencing as to the remaining counts. See United States v. Haley, No. 96–6430, 1998 WL 165130 (6th Cir. Apr. 2, 1998). Upon remand, the district court sentenced Haley accordingly.

In his motion to vacate sentence, Haley claimed that: 1) defense counsel did not

effectively communicate with him prior to or during trial; 2) defense counsel did not effectively prepare for trial; 3) defense counsel did not effectively advise him as to pre-trial motions and procedures, including plea negotiations; 4) defense counsel improperly gave a written position paper, prepared by Haley regarding the case, to the prosecution without Haley's consent; and 5) defense counsel otherwise rendered ineffective assistance.

After conducting an evidentiary hearing, the magistrate judge concluded that defense counsel's representation constituted ineffective assistance because counsel had failed to convey a plea offer to Haley. Accordingly, the magistrate judge recommended that Haley's conviction be vacated and plea negotiations reopened. The district court rejected the magistrate judge's recommendation finding no evidence that defense counsel failed to convey a plea offer to Haley. In addition, the district court concluded that the evidence did not favor a finding of a reasonable probability that Haley would have accepted the plea offer regardless of whether or not defense counsel conveyed it to him. Accordingly, the district court denied Haley's motion to vacate sentence, found no basis upon which to issue a certificate of appealability, and certified that an appeal would not be taken in good faith.

This court certified the following issue for appeal: whether defense counsel rendered ineffective assistance by not conveying a plea offer to Haley. In addition, Haley moves the court for bond pending appeal and for an expeditious judgment.

█ In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999).

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir. 1996). While the district court's findings of fact pertinent to this question are reviewed for clear error, *see Strickland,* 466 U.S. at 698; *McQueen,* 99 F.3d at 1310–11; *Blackburn v. Foltz,* 828 F.2d 1177, 1181 (6th Cir.1987), the performance and prejudice components of the *Strickland* test are considered mixed questions of law and fact, and are thus subject to de novo review. *See Strickland,* 466 U.S. at 698; *McQueen,* 99 F.3d at 1310–11. The reviewing court's scrutiny of counsel's performance is highly deferential. *See Strickland,* 466 U.S. at 689.

■ Upon review, we conclude that defense counsel's performance was not deficient. Haley claims that defense counsel failed to convey a June 4, 1996 plea offer to him. Failure to inform a client of a plea offer is a serious enough error to satisfy the performance prong of *Strickland. See United States v. Blaylock,* 20 F.3d 1458, 1465–66 (9th Cir.1994) (collecting cases from several circuits); *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir.1988) (holding that incompetent advice resulting in defendant's rejection of plea offer is deficient performance under *Strickland*), *vacated on other grounds,* 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989). The United States extended a plea offer to Haley, through defense counsel, which would have allowed Haley to plead guilty to wire fraud and limit his exposure to approximately three years of imprisonment. Haley alleges that defense counsel rejected the plea offer without ever discussing it with him. The evidence belies Haley's allegation.

■ Defense counsel testified that he communicated the offer to Haley, but that Haley stubbornly insisted that he was innocent and that he rejected the offer out-of-hand saying, "If I already turned down 24 months, why would I take 36?" The district court determined that defense counsel's testimony was consistent and credible with regard to Haley's reaction to the plea offer. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ Even if counsel's performance was deficient, Haley failed to show that he was prejudiced by counsel's performance. To satisfy the prejudice prong of the *Strickland* test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In this context, Haley must show that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the plea offer. *See Turner v. Tennessee,* 858 F.2d at 1206. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See Strickland,* 466 U.S. at 694. Haley consistently and adamantly insisted that he was merely a paid employee of the fraudulent business. Accordingly, defense counsel proceeded with the defense theory that Haley was merely an innocent employee who did not know of any criminal activity taking place. Under these circum-

stances, Haley cannot show a reasonable probability that he would have accepted the plea offer had he been informed of it.

Haley's contention that he would have accepted the plea offer is also self-serving and equivocal. In an effort to show a reasonable probability that the outcome would have been different had he been informed of the June 4, 1996, offer, Haley's counsel asked if Haley would have considered an offer of thirty or thirty-six months. Haley responded:

> Well, there was certain criminal activity involved. Again, I was unclear. It had never been explained to me about my exposure on 78 or 98 months or 100 months; or whatever. If I had been told the difference between going to trial and the consequences of that action and not going to trial and pleading guilty to a conspiracy, which is—there was culpability in that, I certainly would have weighed the disparity of difference between that and given it great consideration.

Haley only testified that he would have considered the offer had he been informed of it. His testimony is insufficient to show a reasonable probability that he would have accepted the offer, and Haley cites to no evidence prior to his conviction that remotely indicates any desire on his part to plead guilty to wire fraud or to any other charge. Haley did not satisfy the prejudice prong of the *Strickland* test.

Accordingly, we hereby deny Haley's motion for bond pending appeal as moot, deny Haley's motion for an expeditious judgment as moot, and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of August 30, 1999.