OPINION
{¶ 1} Defendant-Appellant, Joseph Piesciuk, appeals a judgment of the Butler County Common Pleas Court sentencing him to 21 years in prison and ordering him to pay restitution to various individuals in the amount of $132,734. Piesciuk asserts that the trial court erred in his original trial, that it failed to rule on his pre-sentence motions, that the restitution order was not supported by sufficient evidence, that his trial counsel was *Page 2 
ineffective, and that his due process rights were violated by failure to make full disclosure of the victim impact statement. We find that the claims relating to matters prior to the resentencing are barred by res judicata, that his due process rights were not violated; however we find that the restitution order as to the victim, Ms. Bierley, was calculated incorrectly. Therefore, we modify the judgment of the trial court as to the amount of the Bierly restitution, and enter judgment on the correct amount as reflected by the record.
 {¶ 2} Piesciuk was originally indicted on multiple counts in connection with his role as president of the Original Home Improvement Center ("OHI"), a remodeling company located in Middletown, Ohio. The indictment charged that, on or about April 1, 2000 through November 1, 2000, Piesciuk used his company to take money from multiple homeowners by securing numerous remodeling projects, and then failing to commence the project, or failing to perform the services as promised. He left projects incomplete, and did not refund any of the customers' monies. Other criminal charges related to his failure to pay subcontractors for work performed on certain construction projects during the same period.
 {¶ 3} A jury found Piesciuk guilty of 13 counts of theft by deception, eight counts of money laundering, and one count of engaging in a pattern of corrupt activity. The trial court sentenced Piesciuk to 21 years in prison, and ordered restitution.
 {¶ 4} Piesciuk appealed this conviction and sentence. We affirmed the conviction and sentence, but reversed and remanded part of the restitution order, finding that the amounts ordered were not supported by sufficient evidence with regard to four victims. See State v.Piesciuk, Butler App. No. CA2004-03-055, 2005-Ohio-5767. Thereafter, our decision as to Piesciuk's sentencing was reversed, and this case was remanded by the Ohio Supreme Court for resentencing pursuant to their decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See In reOhio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109. *Page 3 
 {¶ 5} Piesciuk was re-sentenced on March 13, 2007 pursuant to these two remands, and the trial court sentenced Piesciuk to the same 21-year prison sentence and ordered restitution to three of the four victims whose restitution orders had been previously reversed, in the total amount of $86,660.92. It is from this judgment that Piesciuk now appeals, asserting seven assignments of error for our review, which we will address out of the order presented for clarity.
 {¶ 6} First Assignment of Error:
 {¶ 7} "THE COURT COMMITTED PREJUDICIAL AND PLAIN ERROR BY NOT DISMISSING THE CHARGES RELATED TO COUNTS 23 AND 24."
 {¶ 8} Fifth Assignment of Error:
 {¶ 9} "DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DENIED HIS MOTION TO PROVIDE PUBLIC RECORDS."
 {¶ 10} Sixth Assignment of Error:
 {¶ 11} "THE COURT IMPROPERLY CONSIDERED INFORMATION IN APPELLANT'S PSI, OBJECTED TO AND FORMERLY POINTED OUT IN A MOTION TO CLARIFY AND CORRECT."
 {¶ 12} In these assignments, Piesciuk argues that his original conviction on counts 23 and 24 of the indictment were not supported by sufficient evidence, that the trial court erred in denying his motion for discovery of certain matters, and that he was denied his due process rights by denying his motion to clarify filed prior to his original sentence.
 {¶ 13} Piesciuk challenged the sufficiency of the evidence relating to his conviction on counts 23 and 24, being two counts of theft by deception in his first assignment of error in his original merit appeal. Additionally, in both his third and fourth assignments of error in the original appeal, Piesciuk challenged the trial court's reliance on disputed evidence contained in the PSI report. Finally, while it was not raised in his merit appeal, Piesciuk had the *Page 4 
opportunity to and failed to challenge the trial court's pre-trial and pre-sentence rulings on discovery of certain matters. Piesciuk,2005-Ohio-5767.
 {¶ 14} Initially, we note that the doctrine of res judicata prevents this court from reopening or reconsidering the issues from Piesciuk's original appeal. Errors of law, that were either previously raised or could have been raised through an appeal, may be barred from further review based upon the operation of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175; State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 17. As the Supreme Court explained, "res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which defendant already received a full or fair opportunity to be heard." Id. at ¶ 18.
 {¶ 15} Based upon the remands from the Ohio Supreme Court and this court, the only issues open at the resentencing were the sentences themselves, pursuant to Foster, and the restitution orders involving only the victims: Rose, Kramer, Bierley and Miller.
 {¶ 16} While Piesciuk fails to make it clear in his brief, the fifth assignment of error may also be directed to his motions requesting the state to provide certain public records allegedly in the possession of the Prosecuting Attorney and the Ohio Attorney General, filed after the remands and prior to his resentencing. The trial court overruled these motions without explanation on February 23, 2007.
 {¶ 17} However, "[I]n the criminal proceeding itself, a defendant may use only Crim. R. 16 to obtain discovery." State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, paragraph two of the syllabus. Therefore, the trial court did not err in overruling Piesciuk's pre-sentence motion to provide public records.
 {¶ 18} Piesciuk's first, fifth and sixth assignments of error are overruled.
 {¶ 19} Second Assignment of Error:
 {¶ 20} "THE COURT COMMITTED PREJUDICIAL AND PLAIN ERROR BY NOT *Page 5 
RULING ON ALL MOTIONS FILED BY DEFENDANT PRIOR TO OR DURING THE SENTENCING HEARING OF [MARCH 13, 2007]."
 {¶ 21} In this assignment of error, Piesciuk summarily states that the trial court committed prejudicial error by failing to rule on all motions filed prior to his resentencing hearing on March 13, 2007. Piesciuk fails to denominate those motions that he claims the trial court failed to rule upon and fails to explain how such failure prejudiced him.
 {¶ 22} A review of the docket in this case shows that Piesciuk filed three motions seeking to have the state provide him with certain public records allegedly in the possession of the Prosecuting Attorney and the Ohio Attorney General. These motions were filed pro se on June 6, 2006, June 7, 2006, and by counsel on October 23, 2006. The trial court overruled these motions by judgment entry filed on February 23, 2007.
 {¶ 23} Piesciuk filed, through counsel, a motion for discovery of the Victim Impact Statement on October 26, 2006. The trial court overruled this motion by judgment entry on February 23, 2007.
 {¶ 24} Piesciuk filed pro se motions for a psychological examination prior to sentencing on June 6 and June 7, 2006. The trial court, by judgment entry, ordered that these motions be withdrawn at defendant's request on February 23, 2007.
 {¶ 25} On March 13, 2007, the day of sentencing, Piesciuk filed a motion seeking the court to adopt a plan of restitution submitted by him. At the sentencing hearing, the trial court expressly addressed this motion and stated that "the court is not going to adopt your restitution plan. It smacks of a civil plan, and it seems to continue to perpetuate your continuing position that this is not a criminal case despite the evidence and despite the findings of a jury in this matter." While the trial court's ruling has not been formally journalized, the court's ruling was expressed to Piesciuk at sentencing, and he cannot thereby be prejudiced by the failure to journalize such ruling. *Page 6 
 {¶ 26} Also, on the day of sentencing, Piesciuk again challenged the facts contained in the original PSI by filing a motion to correct and clarify the PSI. This issue was addressed at both the original sentencing and by this court in Piesciuk's merit appeal. Because the PSI existed at the time of Piesciuk's original sentencing, any further challenge of the PSI at his resentencing would be barred by the principles of res judicata, addressed in our discussion of his first, fifth and sixth assignments of error. Additionally, the trial court, at the resentencing, went through all of the disputed matters, and indicated that it would accept Piesciuk's version of the offenses for the purposes of the sentencing. There is no prejudice in the trial court's failing to rule on this issue.
 {¶ 27} Finally, on June 6 and June 7, 2006, Piesciuk filed pro se motions seeking a jury determination of facts at sentencing. On October 26, 2007, counsel filed on Piesciuk's behalf, a motion seeking both a jury determination of facts at sentencing and that Piesciuk be sentenced in conformity with the law in existence at the time of the commission of the offense. These appear to be the only other motions that the trial court failed to address either on the record or by judgment entry.
 {¶ 28} It is well accepted that a motion that is still pending at the time of the final disposition of a case is presumed to have been denied, and the mere failure to rule is harmless error. See State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn., 69 Ohio St.3d 217, 223,1994-Ohio-92. Furthermore, there was a colloquy on the record at the sentencing that these late motions had not been presented to the court, and some had not even been filed prior to the commencement of the sentencing. Additionally, the trial court's procedure at the resentencing hearing makes it obvious that it intended to overrule, or would have overruled these motions had they been presented in a timely fashion.
 {¶ 29} Piesciuk's second assignment of error is overruled.
 {¶ 30} Fourth Assignment of Error: *Page 7 
 {¶ 31} "DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN THE OPPORTUNITY TO REVIEW, REBUT, AND EXPLAIN THE ENTIRE BODY OF INFORMATION CONTAINED IN THE VICTIM IMPACT STATEMENT."
 {¶ 32} In this assignment, Piesciuk argues that the trial court erred in denying his motions seeking disclosure of the victim impact statement. R.C. 2947.051(C) provides that "the court may furnish copies of the [victim impact] statement to both the defendant or the defendant's counsel and the prosecuting attorney." It is therefore, within the trial court's discretion whether to make a victim impact statement available to a defendant. State v. Bayless (1982),4 Ohio App.3d 301.
 {¶ 33} The only case in support of his proposition, cited by Piesciuk, is Stewart v. Erwin (C.A.6, 2007), 503 F.3d 488. As explained inStewart, "there is no clearly established federal constitutional right to full disclosure of all information used by a trial judge in determining a defendant's sentence." Nonetheless, we recognize, as did the Sixth Circuit, that there is a clearly established federal due process protection against a trial court's reliance on materially false information at sentencing. Unlike in Stewart, however, we find no evidence that this sort of due process violation might have occurred here, where there is no indication that the trial court relied on the victim impact statement in making its restitution order as to the victims subject to the remand, nor that any information contained in the victim impact statement was materially false. Consequently, Piesciuk has failed to demonstrate any error in this regard.
 {¶ 34} Piesciuk's fourth assignment of error is overruled.
 {¶ 35} Seventh Assignment of Error:
 {¶ 36} "APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CONVEY A PLEA OFFER FROM THE STATE."
 {¶ 37} In this assignment, Piesciuk argues that he was never advised of a pre-trial plea *Page 8 
offer and that he did not become aware that such an offer had been made until his counsel stated the same at the resentencing hearing.
 {¶ 38} This court has previously held that "[a] defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel * * * and satisfies the deficient performance prong of the Strickland test." State v. Hicks, Butler App. No. CA2002-08-198, 2003-Ohio-7210, ¶ 14. However, there are multiple reasons why this assignment of error is meritless.
 {¶ 39} First, this claim is raised for the first time in the Court of Appeals. In order to be cognizable in this court, the issue must first be raised in the trial court. See generally: State v. Longworth, Clark App. No. 2001-CA-39, 2002-Ohio-4115; Akron v. Callaway,162 Ohio App.3d 781, 2005-Ohio-4095; State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 40} Second, the record does not support this claim. The only evidence that there was a failure to communicate a plea offer to Piesciuk comes from his gratuitous, unsworn statement contained in his appellate brief. And there is no evidence that any such plea offer had previously been made. Any claim not supported by the record must be overruled by the Court of Appeals. See State v. Golden, Paulding App. No. 11-08-03, 2008-Ohio-3227; State v. Brooks, Summit App. No. 23237,2007-Ohio-1424.
 {¶ 41} Third, this claim relates to pretrial matters, not to the sole issues addressed at the resentencing hearing. As explained previously, the doctrine of res judicata prevents this court from reopening or reconsidering the issues from Piesciuk's original appeal. Errors of law, that were either previously raised or could have been raised through an appeal, may be barred from further review based upon the operation of res judicata. See, generally, Perry, Saxon. The record fails to demonstrate that Piesciuk was not, nor could not have been aware of this issue at the time of his initial appeal.
 {¶ 42} Finally, even if Piesciuk's trial counsel's performance was deficient, he has *Page 9 
failed to show that he was prejudiced as a result. To establish prejudice, Piesciuk must show that he would have accepted the plea offer had it been communicated to him. He has failed to do so, and the record fails to demonstrate that. See Haley v. United States (C.A.6, 2001), 3 Fed. Appx. 426, certiorari denied, 534 U.S. 1031, 122 S.Ct. 568.
 {¶ 43} Third Assignment of Error:
 {¶ 44} "THE COURT COMMITTED PREJUDICIAL AND PLAIN ERROR WHEN IT ORDERED RESTITUTION TO THE MILLERS IN THE AMOUNT OF $59,582.93 [sic] AND TO THE BIERLY'S [sic] IN THE AMOUNT OF $24,037.00 ON REMAND."
 {¶ 45} In this assignment, Piesciuk argues that the evidence was insufficient to establish the economic loss sustained by the Millers and the Bierleys as a result of his commission of the felony offenses of theft by deception. The record must contain sufficient evidence for the court to ascertain the amount of restitution to a reasonable degree of certainty. State v. Williams, Butler App. No. CA2002-09-214, 2003-Ohio-4453, ¶ 31.
 {¶ 46} Initially we note that the trial court accepted our previous finding that the evidence did not establish that any restitution was due to victim Rose as previously ordered. The trial court expressly so found at the resentencing.
 {¶ 47} With regards to the Miller restitution, the record establishes that the Millers paid Piesciuk $99,200 toward the total contract price of $125,000 and that at the time of their last payment, the contract was 30 percent complete. Therefore, the value received by the Millers at that point was $37,500. After the payment of those amounts, the only work completed by Piesciuk was some masonry work that he subcontracted. The cost of the materials and labor for this masonry work was $2,197.07. Therefore, the evidence before the trial court demonstrates that the economic loss suffered by the Millers was $59,502.93. This is the amount that the court ordered at resentencing.
 {¶ 48} In Bierley's case, Ms. Bierley testified at the original sentencing to various *Page 10 
numbers. She claimed that it had cost her over $25,000 to complete the garage, but that there was still $6,641 that she would have owed Piesciuk pursuant to the contract. And she claimed that she had $5,078.90 in mechanics' liens on her house, presumably the result of Piesciuk's failure to pay subcontractors. At the resentencing, the prosecutor referenced the prior sentencing transcript where she testified to the cost of at least $25,000. From that $25,000 figure, he deducted the balance due on the contract, $6,641, and added two mechanics' liens, totaling $5,078, demonstrating a restitution figure of what he claimed to be $24,037. This is the amount that the trial court ordered.
 {¶ 49} However, the arithmetic used by the prosecuting attorney appears to be incorrect. Using his figures, the economic loss suffered by Ms. Bierley would be $23,437, a difference of $600. These numbers used are substantiated by the record and the documents in evidence at the resentencing hearing. Because the restitution amount of $24,037 is not supported by the record, we have no choice but to sustain the third assignment of error in this regard.
 {¶ 50} Because the error in the calculation of the Bierley restitution appears to be only mathematical, and because it is apparent that the trial court intended to order the proper amount based upon the evidence before it, namely $23,437, and because that amount is supported by the record, we will enter judgment for that amount of restitution rather than remanding the matter yet again to the trial court.
 {¶ 51} The third assignment of error is sustained only as to the aforementioned victim and to the extent outlined above. The remaining portions of this assignment of error are overruled.
 {¶ 52} For the foregoing reasons, the sentence is affirmed, and the order of restitution in Piesciuk's sentence is modified to reflect the proper $23,437 amount of restitution due the victim, Ms. Bierley. *Page 11 
 {¶ 53} Judgment affirmed as modified.
WALSH, P.J. and POWELL, J., concur.
Walters, J., retired, of the Third Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. *Page 1