[Cite as *State v. Collins*, 2022-Ohio-3971.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-109 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| MARVEL COLLINS, III, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 000705 |

## O P I N I O N

Decided: November 7, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Rick L. Ferrara,* 2077 East Fourth Street, Second Floor, Cleveland, OH 44114 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Marvel Collins, III, appeals following his guilty plea to one count of felonious assault in the Lake County Court of Common Pleas.

{¶2}    Appellant raises six assignments of error arguing that the trial court abused its discretion in denying a continuance of his change of plea hearing, that the trial court erred in accepting his guilty plea when it was not knowing, intelligent, and voluntary, that the State failed to disclose an exculpatory victim impact statement, that Loc.R. 8.06 of the Court of Common Pleas of Lake County, General Division, is unconstitutional, that trial

counsel rendered ineffective assistance of counsel, and that the Reagan Tokes indefinite sentencing law is unconstitutional.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. The trial court did not abuse its discretion by proceeding with a plea hearing when appellant's trial counsel raised concerns about his mental status on the day of the hearing; the record demonstrates that appellant's plea was knowing, intelligent, and voluntary; the State did not commit prosecutorial misconduct by failing to provide a victim impact statement that the State did not possess; Loc.R. 8.06 is not unconstitutional or in conflict with Ohio law;  appellant's trial counsel did not render ineffective assistance of counsel; and we have previously upheld the constitutionality of the Reagan Tokes Law in *State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce,* 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶4} On May 14, 2021, appellant was admitted to the ICU. During his treatment, a pair of nurses came to attend to him. Appellant attempted to stand up but was told not to do so because of medication in his system. Appellant did stand up and then lunged at one of the nurses, knocking her to the ground and punching her repeatedly in the face and body. The victim suffered severe injuries including a concussion, a broken orbital bone, and had two teeth knocked out. In addition, the victim now struggles with post-traumatic stress from the event and has been unable to return to nursing because of the mental trauma of the event.

2

Case No. 2021-L-109

{¶5} On June 29, 2021, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11. After initially pleading not guilty, appellant's trial counsel filed a motion for leave to plead not guilty by reason of insanity, a plea of not guilty by reason of insanity, and a motion for a competency evaluation. Appellant received an evaluation through the Lake County Probation Department. The competency report found that appellant was competent to stand trial and that he was sane at the time of his act. The parties stipulated to these reports and the trial court found that appellant was competent to stand trial.

{¶6} A change of plea hearing was scheduled for August 17, 2021. On that date, appellant's trial counsel suggested to the court that appellant appeared to be talking to someone who was not present. Counsel said at the time that:

> Prior to proceeding with the plea here today I would just like to express a couple of concerns that I have in speaking with Mr. Collins on several prior occasions obviously throughout the course of this proceeding and Mr. Collins does seem to be exhibiting some behavior today that is unlike previous behavior that I have seen. So I know that we have previously stipulated to Mr. Collins' competency and Mr. Collins himself does feel like he is competent today and would like to proceed with the hearing. However, Mr. Collins does seem to be speaking with someone who is not present in the room when him and I are having a conversation and so I would have some concerns with proceeding today. Mr. Collins had some medication changes recently while he's been incarcerated in the jail and I think it may be helpful to have Dr. Rindsberg to speak with him. * * * So I think it may be helpful to delay the plea hearing for a week or two to just be sure that Mr. Collins is capable of moving forward today.

{¶7} After this statement, appellant spoke and said that "I am competent, I know what I did was wrong. Some things my lawyer just said, my public defender is lying, I don't understand." The court asked appellant a series of questions about why appellant was in court that day, the purpose of the plea hearing, how old appellant was, what medications

3

he was currently taking, and other questions to gauge his ability to assist in his defense. The court also engaged in a plea colloquy, asking appellant if he understood the rights he was giving up. Appellant's responses to each of these questions was appropriate, reflected understanding of the proceedings, and in some cases, he asked appropriate follow up questions.

{¶8} For instance, when the court said that appellant would not be sentenced on the same day as his plea, appellant said "I understand it's going to be a later date and we'll get to it." When the court explained that the maximum fine was $15,000, appellant asked how he would pay such a fine and if his prison term would be prolonged by an inability to pay. The court reassured appellant that it does not customarily impose fines on criminal cases. Appellant said he understood, and the court moved to the next subject. The court explained that the State and his trial counsel would make a sentencing recommendation but that the ultimate sentencing decision was left to the court alone. Appellant responded "Yes, sir, I understand you can do whatever you want to, whatever is right."

{¶9} The court found that appellant had entered his plea knowingly, intelligently, and voluntarily. Although trial counsel requested a continuance at the outset of the plea hearing, counsel did not object to the court's colloquy or finding that appellant had knowingly, intelligently, and voluntarily entered his plea. Counsel did not seek to withdraw the plea prior to sentencing and did not reference her concerns again at the sentencing hearing.

{¶10} At the sentencing hearing, the trial court considered the pre-sentence investigation, the competency report, the victim impact statement, letters in support of the

4

victim, and one letter in support of appellant. The court imposed a prison term of 8-12 years with 768 days of appellant's remaining post-release control time to be served consecutive to his sentence. Trial counsel objected to the imposition of an indefinite prison sentence. Appellant timely filed this appeal raising six assignments of error.

## Assignments of Error and Analysis

{¶11} Appellant's first assignment of error states:

{¶12} "[1.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A CONTINUANCE ON THE DAY OF THE PLEA HEARING AFTER BEING INFORMED THAT APPELLANT WAS EXPERIENCE HALLUCINATIONS ON THE DAY OF THE PLEA HEARING."

{¶13} In this assignment of error, appellant argues that it was an abuse of the trial court's discretion to not reschedule his plea hearing when trial counsel said, "it may be helpful to delay the plea hearing for a week or two to just be sure that Mr. Collins is capable of moving forward today." To the extent that this statement constitutes a request for continuance rather than a suggestion that delay may be helpful is debatable. However, even construing this statement as a request for continuance, appellant's first assignment of error is without merit.

{¶14} An appellate court will not reverse a trial court's decision to deny a motion to continue unless the trial court has abused its discretion. *In re Kangas,* 11th Dist. Ashtabula No. 2006–A–0010, 2006–Ohio–3433, ¶ 24. "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E.

5

362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, 2014 WL 2881994, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

{¶15} "To determine whether a trial court abused its discretion by denying a motion for continuance, a reviewing court must consider (1) the length of the requested delay, (2) prior continuances requests/received, (3) the presence or absence of legitimate reasons for the requested delay, (4) the appellant's contribution to the circumstances giving rise to the request for delay, and (5) any other relevant factors. *State v. Unger*, 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981). While these factors provide basic guidance, a reviewing court must be mindful that "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶16} In this case, the court did not grant a continuance of the change of plea hearing, but the court found no reason to do so based upon trial counsel's request. The record reflects that the trial court asked questions of appellant, that appellant answered

6

those questions appropriately and asked follow-up questions which indicated his understanding of the proceedings. Appellant himself stated multiple times that he was competent and expressed his desire to proceed with the plea hearing at that time.

{¶17} After trial counsel raised concerns about appellant's mental state, the trial court engaged in an appropriate colloquy with the defendant and determined that he was fit to enter his plea. The trial court did not abuse its discretion in refusing to grant a continuance because the trial court's colloquy established that no continuance was necessary.

{¶18} Accordingly, appellant's first assignment of error is without merit.

{¶19} Appellant's second assignment of error states:

{¶20} "[2.] THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT FIRST FINDING THAT IT COMPLIED WITH CRIM.R 11 TO ESTABLISH THAT THE PLEA WAS KNOWING, INTELLIGENT, AND VOLUNTARY."

{¶21} Crim. R. 11(C)(2) requires that a court shall not accept a guilty plea before doing the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

7

Case No. 2021-L-109

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶22} Typically, a defendant's plea will not be vacated unless "he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16. "The test for prejudice is "whether the plea would have otherwise been made."" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶23} In this case, the trial court complied with the requirements of Crim.R. 11(C). The court engaged in a colloquy with appellant and found no reason to believe that his plea was not knowing, intelligent, and voluntary. As the prior assignment addressed, the record supports the trial court's conclusions that appellant entered his plea knowingly, intelligently, and voluntarily.

{¶24} Accordingly, appellant's second assignment of error is without merit.

{¶25} Appellant's third assignment of error states:

{¶26} "[3.] THE STATE COMMITTED PROSECUTORIAL MISCONDUCT IN FAILING TO DISCLOSE TO APPELLANT EXCUPLATORY EVIDENCE, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS AND CRIM.R. 16."

{¶27} Appellant next argues that the State committed prosecutorial misconduct by failing to disclose an exculpatory victim impact statement. Appellant claims Crim.R. 16(B) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), which require the disclosure of exculpatory evidence, required the State to provide the victim impact statements to appellant. He argues that one of the victim impact letters contained materials that demonstrate that: (1) appellant was in the hospital of his own free will; (2) was placed under restraints because he was not mentally stable; (3) witnesses at the hospital had

8

knowledge that he was not mentally stable; (4) a witness noticed psychotic behavior less than an hour before the attack; (5) appellant may have not received a dose of medication prior to the incident; and (6) witnesses knew appellant had not been properly taking his medications for months.

{¶28} Appellant claims that this letter would have impacted the competency or sanity findings made by the court, called for a withdrawal of his guilty plea, or influenced sentencing. Appellant does not make explicit which of the victim impact statements he believes constituted exculpatory evidence; however, our review of the sealed file indicates one possible letter submitted to the court. This letter, along with the other victim impact statements submitted on behalf of the victim, were prepared and submitted after appellant's plea of guilty to the offense and were generated for use in sentencing appellant.

{¶29} "The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraph four of the syllabus. Evidence is material when there is a reasonable probability that the proceedings would have resulted in a different outcome, had the evidence been disclosed. *Id.* at paragraph five of the syllabus. Crim.R. 16, likewise, creates a duty for the prosecution to provide "any evidence favorable to the defendant and material to guilty or punishment." Crim.R. 16.

{¶30} In this case, neither the State nor appellant had access to this information. The victim impact statements were prepared after appellant's plea as part of the pre-sentencing investigation that the trial court relied upon for sentencing purposes. The

9

victim impact statements are not evidence within the possession of the State. Crim.R. 16(B) merely requires that the State turn over evidence "within the possession of, or reasonably available to the state[.]" Crim.R. 16(B). In this case, neither the State nor appellant had any access to this material. Therefore, the State did not violate Crim.R. 16 or appellant's due process by not turning over documents which the State itself did not possess.

{¶31} Next, appellee's brief notes that the State turned over all witness statements that were available to it in this case, including witness statements from nurses present at the time of the offense. Appellee notes that these witness statements included contact information for each of the witnesses. Therefore, appellant was able to contact the witnesses to seek additional information if the witnesses were willing to provide it. Appellee also notes that appellant himself had access to his own medical records. Therefore, the hospital notes indicating whether he had received medication or was suffering from psychotic behavior would have been readily available to him but not available to the State.

{¶32} Further, the victim impact letter that appellant claims is exculpatory was written by a nurse who had not evaluated appellant for purposes of legal competency or sanity. Unlike appellant's formal evaluations performed during the course of his case, the victim impact statement was an informal account of appellant's behavior and conduct. The letter did not express or intend to express a medical opinion about appellant's mental state at the time of his attack. The formal competency and sanity evaluations that appellant submitted to indicated that although he suffered from mental health issues, he

10

was able to understand the legal process, assist in his own defense, and understood the wrongfulness of his actions at the time he committed the offense.

{¶33} Finally, R.C. 2947.051 governs victim impact statements for use in sentencing. Division (A) provides that a court "shall consider the victim impact statement in determining the sentence to be imposed upon the offender." Division (C) provides that victim impact statements "shall be kept confidential" and that a court "*may* furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." (Emphasis added). This statute makes clear that the State does not control these documents and that they are not documents "within the possession of, or reasonably available to the state[.]" *See* Crim.R. 16.

{¶34} Next, R.C. 2930.14(A) states that the court "may give copies of any written statement made by a victim to the defendant * * *. The court may redact any information contained in a written statement that the court determines is not relevant to and will not be relied upon in the sentencing or disposition decision." Division (B) provides that if the written statement made by a victim "includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts."

{¶35} Appellant's assignment of error does not suggest that the trial court itself committed some error or misconduct by not disclosing the victim impact statements. However, courts may refuse to allow access to victim impact statements. In *State v. Stewart*, 149 Ohio App.3d 1, 775 n.E.2d 563, 2002-Ohio-4124 (12th Dist.), the court held that under R.C. 2947.051(C), a court may refuse to allow access to victim impact

11

statements with no violation of due process. *Id.* at ¶ 8. "[T]here is no clearly established federal constitutional right to full disclosure of all information used by a trial judge in determining a defendant's sentence." *State v. Piesciuk*, 12th Dist. Butler No. CA2007-04-086, 2008-Ohio-4054, ¶ 33, quoting *Stewart v. Erwin*, 503 F.3d 488 (6th Cir.2007). However, a due process violation may arise when a trial court relies on materially false information at sentencing. *Id.* After appellant had the opportunity to review the sealed victim impact statements, he did not assert that the trial court relied on materially false information or that the trial court relied upon new material facts requiring the court to allow appellant "an adequate opportunity to respond to the new material facts." R.C. 2930.14(B).

{¶36} The State was not in the possession of the victim impact statement and the State did not commit prosecutorial misconduct in violation of appellant's due process rights and Crim.R. 16. It is within the trial court's discretion to provide victim impact statements to the prosecution and the defense. Appellant has reviewed the victim impact statements in furtherance of this appeal and has not asserted that the trial court relied on materially false information or failed to provide an adequate opportunity to respond to new material facts. Accordingly, appellant's third assignment of error is without merit.

{¶37} Appellant's fourth assignment of error states:

{¶38} "[4.] LOCAL RULE 8.06 IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED, DEPRIVING DEFENDANTS OF THE CHANCE TO OBTAIN AND REVIEW EXCULPATORY EVIDENCE AND DENYING APPELLANT EXCULPATORY EVIDENCE IN THIS MATTER THAT WOULD HAVE CHANGED THE OUTCOME OF THE PROCEEDINGS."

12

Case No. 2021-L-109

{¶39} In this assignment, appellant argues that a victim impact statement should have been disclosed to him prior to his sentencing hearing. Here, appellant contends that that Loc.R. 8.06 of the Court of Common Pleas of Lake County, General Division, is unconstitutional. Loc.R. 8.06 provides that:

> Presentence reports, * * * psychological or psychiatric examinations and evaluations, and any other report or report of examinations for purposes of sentencing, * * * competency, sanity, or civil commitment, may be viewed and read by a defendant and his or her counsel of record, or an attorney-designee of counsel of record, in preparation for a hearing involving that defendant. These documents are not public records. No copies, photocopies, images, or other reproduction may be made of any portion of the documents. **A Victim Impact Statement and Adult Probation Department recommendation shall not be exhibited to, or viewed or read by, the defendant or counsel**. For any violation of this rule, the court will be notified and the court will take appropriate disciplinary action. (Bold added).

{¶40} Initially, we note that appellant did not object to the application of Loc.R. 8.06 and did not challenge the prohibition on disclosing the victim impact statements at the time of sentencing. Appellant has not asserted that the trial court relied on materially false information or that the court failed to provide an adequate opportunity to respond to new material facts contained in the victim impact statements.

{¶41} Since appellant did not raise this issue below, "under the circumstances of this case, appellant has forfeited all but plain error on review." *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429, ¶ 8. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. The appellant bears the burden of demonstrating plain error by proving that the outcome

13

Case No. 2021-L-109

would have been different absent the plain error. *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, ¶ 17. The plain error must be a deviation from a legal rule and an obvious defect in the proceedings. *Rogers*, at ¶ 22.

{¶42} Further, even when the error is obvious, "it must have affected substantial rights," meaning "'that the trial court's error must have affected the outcome of the trial.'" *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). This is the same deferential standard applied for "reviewing ineffective assistance of counsel claims." *Id.* Indeed, "even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it * * *." *Id.* at ¶ 23. Courts are cautioned "to notice plain error 'with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes*, at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶43} Art. IV, Sec 5(B) of the Ohio Constitution provides that "Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." As noted in the discussion of the previous assignment of error, R.C. 2930.14 and R.C. 2947.051(C) governs the use of victim impact statements in sentencing and provides that victim impact statements "shall be kept confidential" and that a court "*may* furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." (Emphasis added).

{¶44} In this case, the local rules of court cannot supersede the statutory requirements of R.C. 2947.051 and R.C. 2930.14. However, neither of those provisions

14

requires a court to furnish to a defendant copies of a victim impact statement. A court has the discretion to furnish copies of a victim impact statement to the parties under R.C.2947.051. However, if a victim impact statement contains new material facts that the court relies on, the court is not permitted to rely upon those facts without first continuing the sentencing or taking other appropriate action to allow the defendant an adequate opportunity to respond. Appellant has reviewed the victim impact statements and claims that they contain exculpatory material. However, he has not claimed that the court relied on new material contained in those statements which, regardless of the application of the local rule, would have required the court to take appropriate action to allow appellant an adequate opportunity to respond.

{¶45} We have reviewed the victim impact statements along with the other material contained in appellant's presentence report including a narrative from the police report and appellant's sanity and competency evaluations. We do not find that the trial court improperly relied upon any new information from the victim impact statements in sentencing, nor do we find that the victim impact statement was an exculpatory document that appellant was legally entitled to receive, notwithstanding Loc.R. 8.06.

{¶46} When a court refuses to permit viewing of victim impact statements used to determine a defendant's sentence, there is no violation of due process rights of the defendant. *See Stewart*, 149 Ohio App.3d 8; *Piesciuk*, 2008-Ohio-4054, at ¶ 33, quoting *Erwin*, 503 F.3d 488.

{¶47} Accordingly, appellant's fourth assignment of error is without merit.

{¶48} Appellant's fifth assignment of error states:

15

{¶49} "[5.] APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILURE OF COUNSEL TO MOVE TO WITHDRAW HIS PLEA AND FURTHER REQUEST INDEPENDENT PSYCHIATRIC EVALUATION, WERE COUNSEL TO HAVE RECEIVED THE EXCULPATORY DOCUMENT."

{¶50} In this assignment of error, appellant raises a hypothetical ineffective assistance of counsel claim. Appellant argues that if trial counsel had received the victim impact statement, then counsel should have moved to withdraw his guilty plea.

{¶51} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland,* at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, at 697.

{¶52} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story,* at ¶ 49, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42.

16

Case No. 2021-L-109

Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶53} In this case, appellant cannot demonstrate that his trial counsel's performance fell below an objective standard of reasonable representation. Appellant's argument is built entirely on speculation, arguing that if trial counsel would have received the victim impact statements that effective counsel would then have moved the withdraw his guiltily plea. Such speculation also presupposes that the outcome of his prior assignments of error resolves in his favor. As we have not found that the court erred in appellant's arguments about the victim impact statements, we cannot now find that trial counsel was ineffective for not moving to withdraw his plea based upon documents he did not receive and which he was not entitled to receive.

{¶54} Accordingly, appellant's fifth assignment of error is without merit.

{¶55} Appellant's sixth assignment of error states:

{¶56} "[6.] THE SENTENCING UNDER OHIO LAW VIOLATED THE SEPARATION OF POWERS DOCTRINE OF THE CONSTITUTION OF THE STATE OF

17

OHIO AND UNITED STATES, DUE PROCESS OF LAW, ARE VOID FOR VAGUENESS, AND CONFLICT INTERNALLY WITH OTHER OHIO LAW."

{¶57} In this assignment of error, appellant challenges the constitutionality of R.C. 2967.271, the Reagan Tokes Act. Specifically, appellant argues that the Reagan Tokes Act is ripe for review, violates the separation of powers, violates due process, and is void for vagueness.

{¶58} In this assignment of error, appellant challenges the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Based on this District's recent holdings in *State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce,* 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370, the challenges that appellant advances against the constitutionality of the Reagan Tokes Law have previously been overruled. Appellant does not advance any novel argument left unaddressed by our prior decisions.

{¶59} Pursuant to the above authorities, appellant's challenges to the constitutionality of the Reagan Tokes Law are overruled.

{¶60} We conclude that appellant's sixth assignment of error is without merit.

{¶61} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.


18

Case No. 2021-L-109